IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

*In re A.M.A.*                                                                                    ORDER

                                                                                            12-cv-474-wmc

and

*In re N.M.F.*

                                                                                            12-cv-475-wmc

---

      Maurice Fitzpatrick has filed a notice of removal of two state court cases pending in the Circuit Court for Dane County. From the documents attached to the notices of removal, it is apparent that Fitzpatrick is attempting to remove to federal court two Child in Need of Protection and Services (CHIPS) cases. While there are several other problems with Fitzpatrick's notices of removal, the most apparent concerns the jurisdiction of this court over the actions at issue. Rather than brook an unnecessary and unjustified delay in state CHIPS cases, this court will, therefore, remand the matters *sua sponte* back to state court where they obviously belong.

Unlike its state court counterpart, this court is one of limited jurisdiction. *Int'l Union of Operating Eng'rs Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citing *Kokkonen v. Gardian Life Ins. Co. of Am*. 511 U.S. 375, 377 (1994) (citation omitted)). Pursuant to 28 U.S.C. § 1441, "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This section presents and

obvious, fundamental defect in Fitzpatrick's notice: this court does not have original jurisdiction -- whether based on a federal question pursuant to 28 U.S.C. § 1331 or based on the diversity citizenship pursuant to 28 U.S.C. § 1332(a) -- over the state court actions. Perhaps in an attempt to address the latter defect, Fitzpatrick in his notice of removal states that he seeks to bring a "civil rights complaint against individuals of Dane County for blatant violations of constitutional and civil rights that are in violation of 42 U.S.C. §§ 1982-1988 and 42 U.S.C. § 1985(3)." Without commenting on his standing or the merits of such a complaint, Fitzpatrick may, of course, file a suit in this court asserting non-frivolous civil rights claims, but he may not remove the state court CHIPS actions to this court in the process of doing so. Indeed, were he an actual defendant to that action, the assertion of violations of his federal civil rights in the state lawsuits would still not be a basis to remove to federal court. *See, e.g., State of Wis. v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966)).

Since this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006), the court is required to remand these actions to the Circuit Court for Dane County.

ORDER

IT IS ORDERED that Case No. 12-cv-00474-wmc and Case No. 12-cv-00475-wmc are remanded to the Circuit Court for Dane County. The clerk of the court is directed to close both cases.

Entered this 6th day of July, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge